**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Hector Alvarado,** | ) | **CASE NO. 3:16 CV 2563** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Warden, Ohio State Penitentiary,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

### Introduction

This matter is before the Court upon the Order (Doc. 36) of Magistrate Judge Greenberg granting in part (as to Grounds Two and Three) and denying in part (as to Grounds Seven and Nine) petitioner's Motion for Discovery and granting petitioner's Motion to Expand/Complete the Record. The respondent has filed an appeal/objections from the Order as to the portion granting discovery. Petitioner filed a response to the objections. No objections have been filed as to the portion of the Order denying discovery, or to the portion concerning expansion and completion of the record. Accordingly, the Order is ACCEPTED as to those portions. For the following reasons, the Order is also ACCEPTED as to the portion granting discovery.

1

**Standard of Review**

As for the portion of the Order to which objections were made, Rule 72 states that in the case of nondispositive matters the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

The rule further states, "A party may not assign as error a defect in the order not timely objected to." Additionally, as stated in the Advisory Committee Notes, "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Court held, "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

**Facts**

The Court will not restate the very thorough statement of facts set forth by the Magistrate Judge which is incorporated herein by reference. In sum, petitioner was convicted by a jury of the murder of Christine Henderson who suffered a fatal wound to her neck at the South Beach Bar in Toledo in the early hours of January 1, 2013. He was sentenced in the Lucas County Court of Common Pleas in 2013. Petitioner's direct appeal was unsuccessful as was a R.26(B) motion to re-open. In December 2015, petitioner filed a motion for leave to file a motion for new trial wherein he relied on a newly acquired November 2015 affidavit of Charles Wells, the State's key witness. Petitioner also filed a petition for post-conviction relief the same day based on the affidavit. Wells had testified at trial that he was at the bar when a fight broke out. He observed petitioner involved in the commotion with an object in his hand. He saw petitioner

2

swing the object which caused everyone to move away from him. Although his view was obscured at times, at one point he saw petitioner near Henderson. Wells saw petitioner swing at Henderson, with the object in his hand. She then walked away, grabbing her neck. Wells and his friends left the bar before the fight was over. Once outside, he saw petitioner leave the bar with a Mexican girl in one hand and a knife in the other hand. When Wells and his friends returned to the bar later that night to give another friend a ride home, Wells heard that Henderson had died and that Stacey Bowen (Henderson's fiancee) had killed her with a bottle. Wells then said that night that Bowen did not do it and that petitioner did. Wells later gave a recorded statement to a police detective.

The Magistrate Judge restates the affidavit in detail. In sum, the affidavit avers that the prosecutor coached Wells and persuaded him to lie on the stand. Wells observed the fight, and left the bar after it was over. He never saw anyone with a knife. Once outside the bar, the police were arriving and Wells learned from his friend, the bouncer, that a girl had been stabbed. The bouncer told Wells a couple days later that the girl died. Wells remembered Henderson from the past and that her mother had been good to him. The family was so upset that Wells felt he had to help. At the time Wells spoke to the detective, he had a drug case pending. The prosecutor showed Wells the bar surveillance tape. Wells was unable to identify "the man they wanted me to identify," but the prosecutor pointed him out. The prosecutor promised he would make Wells' pending criminal case go away. Wells knew petitioner's trial counsel, John Thebes, who owed Wells money from a previous case.

Both the motion and petition were denied by the state court as untimely. The rulings were affirmed. The Petition herein was filed on October 20, 2016. The case was stayed while the

3

appeals were resolved in the state court. After exhaustion, this matter was reinstated.

**Discussion**

On May 8, 2018, petitioner filed a Motion for Discovery regarding his Second, Third, Seventh, and Ninth Grounds for Relief. On May 21, 2018, petitioner filed his Motion to Expand/Complete the Record. Following issuance of the Order addressing both motions, respondent filed objections solely regarding discovery as to the Second and Third Grounds. No objections have been filed as to the portion of the Order denying discovery regarding Grounds Seven and Nine or to the portion concerning expansion and completion of the record. Having found no clear error, those portions of the Order are accepted.

Ground Two asserts a *Brady* violation, i.e., the State suppressed favorable, material evidence at trial by failing to disclose that Wells could not initially identify petitioner, he did not see a knife in petitioner's hand at any point, he did not see petitioner stab Henderson, and he had a prospective deal with the State in exchange for testimony. Ground Three asserts a *Giglio* violation, i.e., petitioner was deprived of due process and a fair trial when the State presented false evidence or allowed it to go uncorrected when it knowingly permitted Wells to falsely testify that he saw petitioner with a knife, he saw petitioner strike Henderson in the neck with an object, and the prosecutor did not promise him anything in exchange for his testimony.

Petitioner sought and the Magistrate Judge ordered that petitioner be granted leave to conduct the depositions of Charles Wells, Toledo Police Detectives William Goodlet and Tonya Rider, and Lucas County Prosecutors Michael Bahner, Clinton Wasserman, and Charles McDonald. The Magistrate Judge also ordered Respondent to produce full and complete copies of (1) all files regarding petitioner's prosecution for the death of Christine Henderson; (2) all

files concerning the prosecution of Charles Wells in Lucas County Court of Common Pleas Case Nos. G-4801-CR-201302717-000 and G-201301780-000; and (3) all files concerning the police investigation of the incident at the South Beach Bar and Grill on December 31, 2012 and January 1, 2013, and the murder of Christine Henderson and assault on Stacey Bowen.

The Magistrate Judge concluded that although the second and third grounds for relief were raised for the first time in the 2015 motion for new trial and petition for post-conviction relief and not adjudicated on the merits in the state court, the petitioner had set forth specific factual allegations that provided reason to believe he might satisfy the elements of a *Brady* and *Giglio* claim. *See Bracy v. Gramley*, 520 U.S. 899 (1997) (Discovery is appropriate when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief.")

As argued in the brief opposing the motion for discovery, respondent objects on the basis that the case can be decided on the record and that petitioner has failed to present specific allegations, supported with additional evidence, showing that if the facts were fully developed petitioner could demonstrate that he is entitled to relief. Respondent objects to the breadth of the discovery and sets fourth four specific objections. Petitioner responds that the objections fail to demonstrate that the Magistrate's Order is clearly erroneous or contrary to law as required to set aside the Order. For the following reasons, the Court agrees with petitioner.

As stated above, a Magistrate Judge's decision on a non-dispositive matter will be reversed only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). "Clearly erroneous" applies to the factual findings and "contrary to law" applies to the legal conclusions. "A finding is clearly erroneous where it is against the clear

5

weight of the evidence or where the court is of the definite and firm conviction that a mistake has been made." *McKnight v. Bobby,* 2017 WL 603253 (S.D.Ohio Feb. 14, 2017) (citations omitted). The Court "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser,* 785 F.Supp. 684 (S.D.Ohio 1992) (citations omitted). In determining whether the Magistrate Judge's Order is contrary to law, this Court applies an abuse of discretion standard. "An abuse of discretion occurs when a court improperly applies the law or uses an erroneous legal standard." *Champion Foodservice, LLC v. Vista Food Exchange, Inc.,* 2015 WL 7251307 (N.D.Ohio Nov. 16, 2015) (citations omitted) "A decision is contrary to law if the magistrate ignored or misapplied the applicable law found in the Constitution, statutes, or case precedent." *McKnight v. Bobby,* 2017 WL 603253 (S.D.Ohio Feb. 14, 2017) (citations omitted).

Respondent does not point out how the Magistrate Judge's Order was contrary to law, but mostly re-argues the position it asserted in opposing the motion for discovery. For instance, in the first objection respondent contends that petitioner's requests amount to a fishing expedition, that recanting witnesses are viewed with suspicion, and that open file discovery was provided. The same arguments were made previously in the opposition brief. (*Id.* at 6, 8-9, ) Respondent cites to *Bracy, supra*, but the Magistrate Judge discussed this case and respondent does not show the Order improperly applied it or somehow used an erroneous legal standard. Nor did the Magistrate Judge ignore applicable law. On the contrary, the Magistrate Judge thoroughly discussed applicable law and the parties' arguments in coming to his conclusion. There is no need to start over when there was no contradiction of existing law. "The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the

Magistrates Act." *Jones v. Moore*, 2006 WL 903199 (N.D.Ohio April 7, 2006) (citing *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991)).

In the second objection, respondent maintains that the Order is overly broad because the Magistrate Judge did not limit the subject of the depositions to matters relating to the *Brady* and *Giglio* claims. Additionally, he ordered that all files related to the prosecutions of petitioner and Wells, as well as the police file, be produced rather than limiting the production to information regarding Wells' statements and any alleged promises made to Wells. Again, while the respondent disagrees with the Magistrate Judge's Order as to its breadth, he does not show that the decision is contrary to law.

The third objection actually relates to the discovery process, and not to the substance of the Order. Respondent asserts that although petitioner had requested a records deposition for the files, the Magistrate Judge ordered respondent to produce full and complete copies of the files. Respondent notes that as Warden (and his counsel, an assistant attorney general), he does not possess or have control over the Lucas County Prosecutor's Office's files or the files of the Toledo Police Department. Nor does the Warden or assistant attorney general have authority to require the prosecutor's office or police department to turn over their files. Rather, subpoenas would have to be issued to the custodian of the records. The Court agrees with respondent and presumably the process for conducting this discovery will be addressed by the Magistrate Judge in a re-scheduled telephonic status conference.[1]

The fourth objection merely notes that Wells will have to be advised of his Fifth

---

[1] A telephonic status conference had been scheduled following the issuance of the Order but canceled once respondent filed objections.

7

Amendment rights prior to deposition. Petitioner does not dispute this.

For these reasons, the objections are overruled and the Magistrate Judge's Order is adopted and incorporated fully herein by reference.

**Conclusion**

For the foregoing reasons, the Order of Magistrate Judge Greenberg granting in part (as to Grounds 2 and 3) and denying in part (as to Grounds 7 and 9) petitioner's Motion for Discovery and granting petitioner's Motion to Expand/Complete the Record is accepted. Discovery is ordered in accordance with the Order as is expansion/completion of the record.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 11/5/18