**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Hector Alvarado,** | ) | **CASE NO. 3:16 CV 2563** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Warden, Ohio State Penitentiary,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

**Introduction**

This matter is before the Court upon Respondent's Appeal from (Objections to) the Magistrate Judge's Order (Doc. 80) (Fed.R.Civ.P. 72(a.); L.R. 72.3(A)) (Doc. 82). For the following reasons, the Magistrate Judge's Order will not be set aside as clearly erroneous or contrary to law.

**Facts**

The Court set forth a brief statement of the facts in its previous Memorandum of Opinion and Order discussing a request for discovery and to expand the record:

> Petitioner was convicted by a jury of the murder of Christine Henderson who suffered a fatal wound to her neck at the South Beach Bar in Toledo in the early hours of January 1,

1

2013. He was sentenced in the Lucas County Court of Common Pleas in 2013. Petitioner's direct appeal was unsuccessful as was a R.26(B) motion to re-open. In December 2015, petitioner filed a motion for leave to file a motion for new trial wherein he relied on a newly acquired November 2015 affidavit of Charles Wells, the State's key witness. Petitioner also filed a petition for post-conviction relief the same day based on the affidavit. Wells had testified at trial that he was at the bar when a fight broke out. He observed petitioner involved in the commotion with an object in his hand. He saw petitioner swing the object which caused everyone to move away from him. Although his view was obscured at times, at one point he saw petitioner near Henderson. Wells saw petitioner swing at Henderson, with the object in his hand. She then walked away, grabbing her neck. Wells and his friends left the bar before the fight was over. Once outside, he saw petitioner leave the bar with a Mexican girl in one hand and a knife in the other hand. When Wells and his friends returned to the bar later that night to give another friend a ride home, Wells heard that Henderson had died and that Stacey Bowen (Henderson's fiancee) had killed her with a bottle. Wells then said that night that Bowen did not do it and that petitioner did. Wells later gave a recorded statement to a police detective.

Wells's affidavit averred the following. The prosecutor coached Wells and persuaded him to lie on the stand. Wells observed the fight, and left the bar after it was over. He never saw anyone with a knife. Once outside the bar, the police were arriving and Wells learned from his friend, the bouncer, that a girl had been stabbed. The bouncer told Wells a couple days later that the girl died. Wells remembered Henderson from the past and that her mother had been good to him. The family was so upset that Wells felt he had to help. At the time Wells spoke to the detective, he had a drug case pending. The prosecutor showed Wells the bar surveillance tape. Wells was unable to identify "the man they wanted me to identify," but the prosecutor pointed him out. The prosecutor promised he would make Wells' pending criminal case go away. Wells knew petitioner's trial counsel, John Thebes, who owed Wells money from a previous case.

Both the motion and petition were denied by the state court as untimely. The rulings were affirmed. The Petition herein was filed on October 20, 2016. The case was stayed while the appeals were resolved in the state court. After exhaustion, this matter was reinstated.

This Court previously accepted the Magistrate Judge's Order granting discovery as to Grounds 2 and 3 of the Petition, denying discovery as to Grounds 7 and 9, and granting petitioner's Motion to Expand/Complete the Record.

Following discovery, petitioner sought to amend the Petition, or alternatively to file an amended traverse, and expand the record. The Magistrate Judge issued an Order granting in part

2

and denying in part both requests. This matter is now before the Court upon respondent's objections to the Order. Petitioner filed a response to the objections.

**Standard of Review**

Rule 72(a) states that in the case of nondispositive matters the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

**Discussion**

**(1) Motion to amend the petition**

Petitioner sought to amend his petition as to Grounds One, Two, Three, and Five. Ground One asserts that the prosecutor violated petitioner's right to a fair trial by making several improper and prejudicial statements during closing arguments including commenting on petitioner's tattoos and his "looks," as well as stating that fear of petitioner may have been the reason that Wells was the only state witness. Ground Two asserts a *Brady* violation, i.e., the State suppressed favorable, material evidence at trial by failing to disclose that Wells could not initially identify petitioner, he did not see a knife in petitioner's hand at any point, he did not see petitioner stab Henderson, and he had a prospective deal with the State in exchange for testimony. Ground Three asserts a *Giglio* violation, i.e., petitioner was deprived of due process and a fair trial when the State presented false evidence or allowed it to go uncorrected when it knowingly permitted Wells to falsely testify that he saw petitioner with a knife, he saw petitioner strike Henderson in the neck with an object, and the prosecutor did not promise him anything in exchange for his testimony. Ground Five asserts actual innocence.

In seeking amendment, petitioner had argued that the information gathered during

discovery would further demonstrate cause and prejudice in an amended traverse, and would provide additional support for his claims in an amended petition. The Magistrate Judge allowed amendment as to Grounds One, Two, and Three, rejecting respondent's arguments that amendment would be futile. The Magistrate Judge denied the request to amend Ground Five given that actual innocence is not cognizable as a free standing habeas claim.

The respondent objected to the Order granting amendment as to Grounds One, Two, and Three. However, the Magistrate Judge considered respondent's arguments, which are essentially restated in the objections, and concluded that amendment was permissible. The Court agrees with petitioner that the Magistrate Judge did not improperly exercise his discretion in granting leave to amend when considering the appropriate factors. Additionally, while the respondent maintains that leave should not have been granted as to claims that are procedurally defaulted, the Magistrate Judge has not yet made a determination as to whether the claims are defaulted. As the Court cannot conclude that the Magistrate Judge's Order was clearly erroneous or contrary to law, it will not be set aside.

**(2) Motion to Expand the Record**

Upon analysis, the Magistrate Judge concluded that petitioner had demonstrated the requisite diligence in attempting to develop the factual basis of Grounds One, Two, and Three in the state court. Accordingly, petitioner was permitted to expand the record to include the deposition transcripts and exhibits without satisfying § 2254(e)(2)'s conditions. As Ground Five would be futile, expansion was denied as to that claim. Although disagreeing with the Magistrate Judge's Order regarding expansion of the record, the respondent does not show that the decision was clearly erroneous or contrary to law. As such, the Order will not be set aside.

**Conclusion**

For the foregoing reasons, the Magistrate Judge's Order (Doc. 80) will not be set aside as clearly erroneous or contrary to law.

IT IS SO ORDERED.

                                            /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            United States District Court
Dated: 6/3/20                                   Chief Judge